IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI MIKELL GUYNUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 06-4315 |
| LANCASTER COUNTY PRISON, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                **August 17, 2007**

**I.      Introduction**

Plaintiff initiated this suit, *pro se*, filing her Complaint (Doc. No. 1) on September 26, 2006, alleging false arrest, malicious prosecution, and numerous instances of mistreatment by prison officials, in violation of Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments, as well as violations of 42 U.S.C. §§ 1983 & 1985.  Leave to proceed *in forma pauperis* was granted by Order of this Court on December 28, 2006 (Doc. No. 7).  Presently before the Court are Plaintiff's Motion for Injunctive Relief (Doc. No. 19) and Defendant, Dr. Mory's Motion to Dismiss (Doc. No. 20).  Dr. Mory then filed a Motion for Disposition of his Motion to Dismiss, asserting the initial motion was unopposed (Doc. No. 24).  However, Plaintiff has also filed a document she terms a Motion for a Pretrial Conference (Doc. No. 23), which, because of the arguments incorporated therein, the Court will consider as her response to Dr. Mory's Motion to Dismiss.

**II.     Motion for Injunctive Relief**

Plaintiffs' Motion for Injunctive Relief alleges certain defendants have failed to honor her requests to process documents necessary to submit a completed motion to proceed *in forma pauperis* in this case and related matters.  Plaintiff requests that this Court order Defendants to submit her account statements to the Clerk of Court, presumably so that her motions to proceed *in forma pauperis* will be granted by this Court.  Defendants have not responded to the instant Motion.  A review of the records of the relevant cases reveals Plaintiff's motions to proceed *in forma pauperis* have been granted in all three cases (C. A. Nos. 06-4315; 07-0230; 07-0280) to which this Motion is directed.  In the instant case, Plaintiff's first Motion to Proceed *In Forma Pauperis* (Doc. No. 3) was denied, however the second such Motion (Doc. No. 5) was granted by Order of this Court on December 28, 2006 (Doc. No. 7).  On the same date as this Court's Order, a third Motion (Doc. No. 10) was filed by Plaintiff, and a fourth (Doc. No. 11) was filed one week later.  The Court denied the third and fourth motions as moot by an Order (Doc. No. 13) dated January 24, 2007.  Plaintiff's Account Statement was received on November 30, 2006 (Doc. No. 5).  Similarly, the Court granted Plaintiff's motions to proceed *in forma pauperis* in the other cases on March 20, 2007 (C. A. No. 07-0230, Doc. No. 5; C. A. No. 07-280, Doc. No. 6).  As such, Plaintiff cannot possibly establish the requisite "clear showing of immediate irreparable injury" to qualify for injunctive relief, <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987), since the very act she requests this Court to order has been performed by the Defendants.  Accordingly, Plaintiff's Motion for Injunctive Relief will be denied with prejudice.

**III.     Motion to Dismiss**

Defendant, Dr. Mory, moves to dismiss the claims against him on the grounds that Plaintiff has alleged medical malpractice, and has failed to file a Certificate of Merit, in accordance with Pennsylvania Rule of Civil Procedure 1042.3.  To support this contention, Defendant draws the Court's attention to its holding in Scaramuzza v. Sciolla, 345 F. Supp. 2d 508 (E.D. Pa. 2004), in which the Court found that the Pennsylvania Rule in question must be applied when a federal court sits in diversity.  Id. at 510 (*citing* Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir.2000)).

As an initial matter, Dr. Mory contends Plaintiff has not responded to this Motion. However, despite the title Plaintiff has adopted for it, the Motion for Pretrial Conference is clearly responsive to Dr. Mory's Motion to Dismiss.  Plaintiff contends, "Plaintiff specifically filed a 42 U.S.C. [§] 1983 civil rights lawsuit against the Defendants; and not a medial malpractice suit."  (Pl's Mot. for Pretrial Conference ¶ 5.)  Plaintiff continues by arguing that jurisdiction is found under federal civil rights laws rather than Pennsylvania state law, and specifically denies she alleges Dr. Mory is subject to professional liability.  (Id. ¶¶ 6-7, 13-14.) Given that the Court's standard practice is to schedule a Preliminary Pretrial Conference, pursuant to Fed. R. Civ. P. 16(a) and (b), after an answer is filed, and given that other named Defendants in this case have filed an Answer (Doc. No. 18), Plaintiff's choice of title for this filing is entirely understandable, if unusual.  See Tabron v. Grace, 6 F.3d 147, 153 n. 2 (3d Cir.1993) (observing "we have traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure").  Plaintiff's Motion for Pretrial Conference is substantively responsive to Dr. Mory's Motion to Dismiss, and the Court will treat

Plaintiff's Motion as a Response to Defendant's Motion to Dismiss.  As such, the Court will first deny Defendant's Motion for Disposition, and proceed to the merits of Dr. Mory's initial Motion to Dismiss.

The Court agrees with Plaintiff's arguments in response to Dr. Mory's Motion.  The Complaint clearly alleges "deliberate indifference to serious medical needs by prison doctors" (Compl. at 12), specifically by Dr. Mory (id. at 13).  Plaintiff's allegations hew precisely to the standard for liability under 42 U.S.C. § 1983 for medical treatment of prisoners and pretrial detainees.  Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) ("Such a violation requires acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")  Plaintiff has alleged violations of federal statute and the federal Constitution, not that Dr. Mory violated his duty to Plaintiff in his professional capacity.  The Court's jurisdiction lies in federal question, not diversity.  Therefore, Scaramuzza is inapposite, and the Pennsylvania state law requirement to file a Certificate of Merit is inapplicable.  Accordingly, Dr. Mory's Motion to Dismiss will be denied.

**IV.   Conclusion**

An appropriate Order follows.


A:\06-4315 Guynup v. Lancaster County Prison open motions.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI MIKELL GUYNUP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 06-4315 |
| LANCASTER COUNTY | : | |
| PRISON, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this **24th** day of August, 2007, upon consideration of Plaintiff's Motions for Injunctive Relief (Doc. No. 19) and for a Pretrial Conference (Doc. No. 23), Defendant Mory's Motion to Dismiss (Doc. No. 20), and for the reasons stated in the attached Memorandum, it is hereby ORDERED as follows:

(1) Plaintiff's Motion for Injunctive Relief (Doc. No. 19) is DENIED;

(2) Plaintiff's Motion for Pretrial Conference (Doc. No. 23) is re-characterized as Plaintiff's Response to Defendant, Dr. Mory's Motion to Dismiss;

(3) Defendant, Dr. Mory's Motion to Dismiss (Doc. No. 20) is DENIED;

(4) Defendant, Dr. Mory's Motion for Disposition (Doc. No. 24) is DENIED.

BY THE COURT:

**/s/ Michael M. Baylson**
_____
Michael M. Baylson, U.S.D.J.