IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LANCASTER COUNTY et al. | : | NO. 06-04315 |

FILED
OCT 22 2008
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM RE: SUMMARY JUDGMENT**

Baylson, J.                                                                                           October 21, 2008

I.     **Background and Procedural History**

Plaintiff Tracy Guynup instituted the current action on September 26, 2006 against Defendants Lancaster County, the Lancaster County Prison Board, and numerous employees of the Lancaster County Prison, alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and several state common law tort claims. The claims arose out of the time that Plaintiff spent in the prison as a pre-trial detainee, from around December 13, 2005 through September 12, 2006, and her time as a sentenced prisoner, from around September 28, 2006 through January 23, 2007. On August 28, 2008, Defendants filed a Motion for Summary Judgment on all claims. That Motion is currently before this Court.

Oral argument was held on October 15, 2008. At that time, Plaintiff's counsel advised that the claims were being dropped against a number of the Defendants. The Defendants whom Plaintiff intends to maintain as party Defendants are as follows:

1.     Lancaster County and Lancaster County Prison Board, which is one entity.

2.     Associate Warden Robert Bodnar and Lieutenant Billy, two individuals who allegedly have liability as supervisors.

-1-

3. Warden Vincent Guarini.

4. Deputy Warden Sumesco.

5. Sergeant Steberger.

5. Corrections Officer Jodi Barone.

6. Carrie McWilliams and Tammy Moyer, healthcare providers.

In summary, Plaintiff has shown that the summary judgment record contains sufficient disputes over material facts to warrant the Court to deny the Motion for Summary Judgment as to all of the above Defendants, with the exception of the Lancaster County entity. The Court finds, for the reasons discussed below, that there is sufficient evidence under Count II of supervisory liability as to Messrs. Bodnar and Billy to require denial of summary judgment as to them.

As to the remaining non-supervisory prison guards and healthcare providers, the Court notes that the Plaintiff's claims, focusing on the alleged denial of Fourteenth Amendment rights (as to the time Plaintiff was a pretrial inmate) and Eighth Amendment rights (as to the time Plaintiff was a sentenced inmate), are overlapping in many respects. The Court encourages Plaintiff's counsel to consider narrowing the claims for ease of jury comprehension at trial.

Similarly, as to the defense claims of qualified immunity, the Court concludes that the factual record is significantly disputed on key underlying facts central to the claim of qualified immunity, and the Court cannot make a ruling on qualified immunity at this time. See Curley v. Klem, 298 F.3d 271, 281-82 (3d Cir. 2002) (noting that the standard for summary judgment does not change in a qualified immunity analysis and reversing a district court's grant of summary judgment on the issue of qualified immunity where there were disputed issues of material fact relevant to the analysis).

II. **Jurisdiction and Legal Standard**

This Court has jurisdiction over those claims arising under federal law pursuant to 28 U.S.C. § 1331, and the civil rights claims pursuant to 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477

U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

### III.   Discussion

The factual issues that require a trial were detailed at the oral argument and will not be repeated in this Memorandum. Plaintiff made many allegations concerning her placement on D Block for lengthy periods of time. Although Plaintiff does not apparently contend that her mere residency on D Block was in and of itself unconstitutional, under either the Fourteenth or Eighth Amendment analysis, she asserts that much of the Defendants' acts or omissions, about which she complains, arose out of her residency on the D Block.

#### A.   Monell Claim

Count I of Plaintiff's Amended Complaint is brought under 42 U.S.C. § 1983 against Defendants Lancaster County, the Lancaster County Prison Board, Warden Guarini, Associate Warden Bodnar, and Deputy Warden for Treatment Sumesco.[1] In this claim, Plaintiff alleges that the Defendants "operated under a policy, practice, or custom of failing to ensure that both pre-trial detainees and prisoners such as plaintiff were free from retaliation, the use of excessive

---

[1] While initially Seibert was also a Defendant for this claim, Plaintiff agreed at oral argument to dismiss this defendant and several others from the case. And as Count I only alleges a policy and practice, the individuals named as defendants in Count I will be considered as named in their official capacity only, and as employees of the Lancaster County Prison, there is only one defendant–Lancaster County. See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Suits against state officials in their official capacity therefore should be treated as suits against the State.").

force, inhumane conditions of confinement, denial of bodily integrity, and discrimination. Defendants also operated under a policy, practice or custom of failing to ensure the provision of adequate medical care or treatment." (Am. Compl. 17-18).

A municipality may not be held liable for the acts of its employees on a theory of respondeat superior or vicarious liability. Monell v. Dept. of Soc. Servs. of New York City, 436 U.S. 658, 692-693 (1978). It is well-settled that to establish a violation of 42 U.S.C. § 1983 by a municipality, a plaintiff must show that the alleged misconduct was caused by an official government custom or policy, or a "failure to train." Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 387-88 (1989). Municipal policy or custom can be demonstrated either by reference to express, codified policy or by evidence that a particular practice, although not authorized by law, is so permanent and well-settled that it constitutes law. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Whether alleging policy or custom, the plaintiff must show that a policymaker was responsible for the affirmative proclamation of the policy or acquiesced in the well-settled custom. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Once the policy or custom is established, a plaintiff must demonstrate causation, as a municipality can be liable under § 1983 only where its policies are "the 'moving force' behind the injury alleged." Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) (quoting Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997)). Thus, plaintiffs must show that the "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." Bielevicz, 915 F.2d at 851. If the policy or custom does not facially violate federal

law, causation can be established only by showing that "the municipal action was taken with 'deliberate indifference' to its known or obvious consequences." Berg, 219 F.3d at 276.

During oral argument, this Court considered the arguments by all parties concerning the allegations of a policy, practice, or custom instituted by the Defendants and in violation of Plaintiff's rights. Based on the oral argument and after considering the evidence that Plaintiff has offered to support such a claim, this Court holds that the facts are insufficient to withstand Defendant's Motion for Summary Judgment on Count I of Plaintiff's Amended Complaint, as Plaintiff has not established the existence of any policy or practice which violates the Constitution.

### B.   Counts III through XI

There is sufficient evidence in the record to require a trial on Plaintiff's claims in Count III of retaliation, as to which she has asserted that certain of the Defendants' conduct arose out of her request for medical and psychiatric care, and Defendants' refusal to accord her rights to which she believes that she was entitled.

The equal protection claim in Count IV arises out of Plaintiff's claim that she was treated differently from other prisoners, and she can pursue an equal protection claim under the "class of one" theory. See Phillips v. County of Allegheny, 515 F.3d 224, 243-46 (3d Cir. 2008) (discussing the "class of one" theory for violations of the Equal Protection clause under the Fourteenth Amendment).

The excessive force claim in Count V arises out of the use of the stun gun device on May 6, 2006, which was also detailed at the oral argument.

The claims in Counts VI and VII, referring to prison conditions and inadequate medical care, are self explanatory, as is the overlapping claim of denial of her liberty interest in Count VIII. The ADA and Rehabilitation Act claims under Count IX arise out of those assertions that Plaintiff suffered from severe psychiatric illnesses, which rendered her as a protected person under these statutes, and she was not accorded the rights due to her.

In addition, Plaintiff has made claims under various state laws in Counts X and XI.

### C. Supervisory Responsibility Claim

Count II is again brought under § 1983 against Defendants Bodnar and Billy.[2] The Amended Complaint alleges that Bodnar and Billy "participated in, and/or directed others to participate in, and/or knew and acquiesced in the deprivation of plaintiff's rights under the 1st, 8th and 14th Amendments[, and they,] through their conduct in failing to supervise subordinates, and through their own actions, were deliberately indifferent to the constitutional rights of plaintiff." (Am. Compl. 18).

As with municipal liability, supervisors cannot be held liable under a theory of respondeat superior. City of Canton, 489 U.S. at 385. However, a supervisor may be held liable personally under § 1983 if he participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's violation. A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Alternatively, if plaintiffs can show that a supervisor acted with deliberate indifference in

---

[2] Plaintiff also initially sued Defendants Seibert and Kilnowski in addition to the above-named Defendants. However, at oral argument, Plaintiff also agreed to dismiss both Seibert and Kilnowski from the litigation.

-7-

establishing and maintaining a policy or custom that directly causes the plaintiff's harm, the defendant can be held liable under § 1983. Id. In this case, the court reversed the grant of summary judgment by the district court in favor of prison supervisors in light of the plaintiff's evidence showing disputed issues of fact. Id. at 585-86.

For the purposes of the Summary Judgment Motion, Plaintiff has provided sufficient evidence to establish a genuine issue of material fact as to whether Bodnar and Billy had knowledge of the incidents at issue and whether they acquiesced in a subordinate's alleged violation. In particular, Plaintiff has provided both deposition testimony and documents that tend to show that Bodnar was aware of the conflicts between Barone and Plaintiff. See, e.g., (Bodnar Dep. 23-25) (referring to email from Bodnar to Billy, Barone's shift commander, Bodnar acknolwedges that he sent this email out of concern that Barone's report pertaining to Plaintiff indicated her paranoia and inappropriately sent the message to the inmates/detainees to fight in order to have their cell changed); (Bodnar Dep. 35) (Bodnar acknowledges that he investigated Plaintiff's allegations that Barone was mocking and ridiculing prisoners and detainees by only receiving a written report from Barone concerning the allegations); (Bodnar Dep. 35-36) (Bodnar recognizes that he investigated Plaintiff's complaints about medication by questioning the administrator of the medical department); (Bodnar Dep. 37) (Bodnar acknowledges that he reviewed and responded to a complaint form from Plaintiff concerning Barone's alleged mistreatment of Plaintiff on several occasions); (Bodnar Dep. 39) (Bodnar recognizes that he reviewed a complaint from Plaintiff concerning Barone's treatment of her and sent the complaint to Billy for review).

Similarly, Plaintiff has also produced deposition testimony and documents sufficient to create a genuine issue of material fact on whether Billy was aware of Plaintiff's complaints of harassment by Barone and others. See, e.g., (Bodnar Dep. 23-25) (Bodnar recognizes that he sent an email to Billy concerning Barone's report and interactions with Plaintiff and advised Billy to instruct Barone to investigate all complaints of misconduct); (Bodnar Dep. 37-38) (Bodnar acknowledges receipt and review with Billy a general purpose request form from Plaintiff, addressed to both Bodnar and Billy, which complains of the "abuse and harassment" of Barone); (Bodnar Dep. 39-41) (Bodnar recognizes that he received and forwarded to Billy a general purpose request form, addressed to both Bodnar and Billy, that provides detailed complaints of harassment by Heistand and Barone). Given the underlying factual disputes at issue, this Court does not render a holding on whether a constitutional violation was committed against Plaintiff during her time in the Lancaster County Prison. But if a jury determines that Plaintiff's rights were violated, then a jury may also find that Bodnar and Billy did not exercise their supervisory responsibilities. As Plaintiff has offered sufficient evidence to create a genuine issue of material fact as to whether Bodnar and Billy had knowledge of the alleged acts taken against Plaintiff and the conditions of her time in the Lancaster County Prison, this Court holds that Count II of Plaintiff's Amended Complaint for supervisory liability against Bodnar and Billy survives Defendant's Motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LANCASTER COUNTY et al. | : | No. 06-04315 |

### ORDER

AND NOW, this 21st day of October, 2008, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED:

1. Defendants' Motion for Summary Judgment is GRANTED as to Count I;

2. Defendants' Motion for Summary Judgment is DENIED as to all other counts.

3. The following defendants are dismissed as parties:

    Lancaster County; Lancaster County Prison Board;
    Warden Vincent Guarini; Deputy Warden Lance Seibert; Major Klinowski; Lieutenant Hehnly; Lieutenant Ritter; Sergeant Jacob; Sergeant Ennis; Sergeant Lefever; Corrections Officer Rychalsky; Corrections Officer Garcia; Corrections Officer Wolfe; Corrections Officer Heistand; Corrections Officer Killian; Corrections Officer Kress.

4. The trial is set for December 2, 2008, subject to party and witness availability.

5. A final pretrial conference by telephone is scheduled for Monday, October 27, 2008 at 4:15 p.m.. Plaintiff's counsel will initiate the call, and when all parties are on the line, call chambers at 267.299.7520.

BY THE COURT:

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4315 Guynup v. Lancaster County Prison\Guynup v. Lancaster - Memorandum MSJ.wpd

Fax
cc: Ray
    Pennington
    Munion