IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| v. | : | |
| LANCASTER COUNTY, et al. | : | NO. 06-4315 |

**MEMORANDUM**

**Baylson, J.**                                                                                           **October 29, 2008**

On October 21, 2008, this Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment and dismissing several defendants in the case, including Lancaster County. (Doc. 73.) However, in dismissing Lancaster County as a party but also denying Defendants' Motion for Summary Judgment on Count 9 of Plaintiff's Amended Complaint, brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a), this Court overlooked the fact that Lancaster County was the sole defendant on Count 9.[1]  Other issues have also been raised relating to that claim which warrant discussion.

Plaintiff asserts several theories to support her ADA and Rehabilitation Act claim. Plaintiff's first theory relates to the alleged policies and procedures of Lancaster County in handling detainees and prisoners with a mental illness.  In support of the theory, Plaintiff attempts to demonstrate a genuine issue of material fact by relying on the same evidence she uses to support her Monell claim.  See (Pl.'s Resp. Defs.' Mot. Summ. J. at 21) ("Ms. Guynup was denied the same safe environment at LCP because of the lack of policies discussed in section M

---

[1] As discussed at oral argument and in this Court's October 21, 2008 Order (Doc. 73), the Lancaster County Prison Board is the same entity as Lancaster County.  Lancaster County will therefore be the only party reinstated in the litigation.

of this brief [the Monell section]."). However, as this Court recognized when it granted Defendants' Motion for Summary Judgment on Plaintiff's Monell claim, there is insufficient evidence in the record for Plaintiff's theory of policy and practice to survive Defendants' Motion for Summary Judgment. Plaintiff's remaining theories of liability–denial of access to medical and psychiatric services, a failure to modify and accommodate Plaintiff's medical and psychological care, and the failure to train[2]–are all sufficient to withstand summary judgment.

For the purposes of the ADA and the Rehabilitation Act claim, Lancaster County is the appropriate defendant. Title II of the ADA and Section 504 of the Rehabilitation Act provide for vicarious liability and do not permit liability for individuals.[3]

Plaintiff has produced sufficient evidence to withstand Defendants' Motion for Summary Judgment on Count 9 of her Amended Complaint, the ADA and Rehabilitation Act claim. While there is insufficient evidence for Plaintiff to move forward on her policy and practice theory, there are genuine issues of material fact for each of the remaining theories on the ADA and Rehabilitation Act claim. As vicarious liability is applicable, Lancaster County will be reinstated as a defendant in the case.

An appropriate Order follows.

---

[2] See Schorr v. Borough of Lemoyne, 243 F. Supp. 2d 232 (M.D. Pa. 2003); Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707 (E.D. Pa. 2007) (Rufe, J.).

[3] Yudenko v. Guarini, Civ. A. No. 06-4161, 2008 WL 4055826, at *9 n.7 (E.D. Pa. Aug. 27, 2008) (Stengel, J.) ("Correctional facilities such as LCP fall within the scope of 'public entities' subject to Title II of the ADA, which also applies to services, programs and activities provided within correctional institutions. . . . [A]n ADA claim cannot be brought against individual defendants . . . ."); Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| v. | : | |
| LANCASTER COUNTY, et al. | : | NO. 06-4315 |

### ORDER

AND NOW, this 29th day of October, 2008, based on the foregoing Memorandum and an unrecorded telephone conference with counsel on October 27, 2008, it is hereby ORDERED as follows:

1. The Memorandum and Order dated October 21, 2008 (Doc. No. 73) is modified in that Lancaster County will remain a Defendant on Count 9, alleging violation of the Americans with Disabilities Act, 42 U.S.C.§ 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a).

2. This case is designated as a back-up case for trial, and counsel shall be prepared to start as of December 2, 2008 at 9:30 a.m. in Courtroom 3A.

3. Plaintiff shall file its jury instructions, voir dire requests, and any similar pretrial papers, such as a trial brief, by November 18, 2008.

4. Defendants shall file any Daubert motion by November 18, 2008.

5. Plaintiff shall respond to Defendants' Daubert motion by November 25, 2008.

6. Defendants shall file their jury instructions, voir dire requests, and any similar pretrial papers by November 25, 2008.

7. The Court will hold a final pretrial conference by telephone on November 26, 2008 at 10:00 a.m. Plaintiff's counsel will initiate the call, and when all parties are on the line, call chambers at 267.299.7520.

BY THE COURT:

Date:   10/29/08          /s/ Michael M. Baylson
                         Michael M. Baylson, U.S.D.J.

A:\Guynup v. Lancaster Co - Order 10-29-08.wpd