## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACI GUYNUP,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 2:06-CV-04315** |
| **v.** | : | |
| | : | |
| **LANCASTER COUNTY, et al.,** | : | |
| | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Though counsel, plaintiff respectfully submits the following proposed jury instructions. Additions or modifications to these instructions may be necessary in light of the proposals submitted by defendants, the Court's rulings, and the evidence presented at trial. Plaintiff respectfully requests the opportunity to supplement these instructions.

Plaintiff respectfully asks the Court to issue the following Third Circuit Model Jury Instructions:

    a.    Preliminary Instructions.
        1.1  Introduction; Role of Jury
        1.2  Description of Case; Summary of Applicable Law
        1.3  Conduct of Jury
        1.4  Bench Conferences
        1.5  Evidence
        1.6  Direct and Circumstantial Evidence
        1.7  Credibility of Witnesses
        1.8  Jury Question for Witnesses

1.9   Note-Taking by Jurors
1.10 Preponderance of the Evidence (also to be given at close of case)
1.12 Description of Trial Proceedings

b.    General Instructions For Use During Trial.
2.1   Impeachment of Witness's Character for Truthfulness
2.2   Judicial Notice
2.3   Stipulation of Evidence
2.4   Stipulation of Fact
2.5   Use of Deposition
2.6   Use of Interrogatories
2.9   Striking Evidence
2.10 Evidence Admitted for a Limited Purpose
2.11 Opinion Testimony
2.14 Recess Admonition

c.    General Instructions For Use At End of Trial.
3.1   Deliberations
3.2   Number of Witnesses
3.3   Read-Backs of Trial Testimony

Respectfully submitted,

LAW OFFICE OF STEPHENS S. PENNINGTON

By:  SSP7623_____
STEPHEN S. PENNINGTON, ESQUIRE
JAMIE C. RAY, ESQUIRE
One Penn Center at Suburban Station
Suite 800
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103
(215) 564-2363
Attorneys for Plaintiff

DATED:  November 18, 2008

**JURY INSTRUCTION NO. 1**

**All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. All of the parties – a private individual, prison officials and Lancaster County – stand equal before the law, and are to be dealt with as equals in this Court of justice.

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> 71.03 (4th Ed.)

## JURY INSTRUCTION NO. 2

**Section 1983 Introductory Instruction**

Plaintiff Traci Guynup is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Third Circuit Model Jury Instructions – Civil (West 2006), Instruction No. 4.1

**JURY INSTRUCTION N0. 3**

**Section 1983 – Elements of Claims**

To prevail on her claims under 1983, Ms. Guynup must prove both of the following elements by a preponderance of the evidence:

First: the individual defendants acted under color of state law.

Second: while acting under color of state law, the individual defendants deprived Ms. Guynup of a federal constitutional right.

Third Circuit Model Jury Instructions- Civil (West 2006), Instruction No. 4.3

## JURY INSTRUCTION NO. 4

**Action Under Color of State Law**

Because the defendants were employees of Lancaster County Prison, I instruct you that they were acting under color of state law. In other words, this element of Ms. Guynup's claim is not in dispute, and you must find that this element has been established.

Third Circuit Model Jury Instructions- Civil (West 2006), Instruction No. 4.4.1

## JURY INSTRUCTION NO. 5

**NCCHC STANDARDS**

The mere fact that defendant Lancaster County complies with the NCCHC standards for healthcare in jails does not establish that the County has met its obligation to provide adequate medical care under the 14th Amendment, or its obligation to provide access to psychiatric services under the Americans with Disabilities Act (ADA).  The United States Supreme Court has held that correctional standards issued by NCCHC do not establish the constitutional minimum the County must meet, but are simply goals recommended by NCCHC.

Arocho v. County of Lehigh et al., 922 A.2d 1010, 1018 (Comm. Ct. Pa. 2007) *citing* Bell v. Wolfish, 441 U.S. 520, 543 n.27 (1979).

## JURY INSTRUCTION NO. 6

**No Specific Intent Required**

I instruct you that Section 1983 does not require any intent to violate constitutional rights. This means that intent is not an element of Ms. Guynup's case. She does not need to prove that defendants intended to deprive her of her rights. In other words, Ms. Guynup is entitled to relief if defendants acted in a manner that resulted in a violation of her rights.

Gomez v. Toledo, 446 U.S. 635 (1980); Monroe v. Pape, 365 U.S. 167 (1961); Skehan v. Bd. Of Trustees, 538 F.2d 53 (3d Cir. 1976) (en banc).

## JURY INSTRUCTION NO. 7

**Testimony of Prison Officials**

The testimony of a prison official or corrections officer is entitled to no special or exclusive sanctity. A prison official or corrections officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of prison officials and corrections officers you should not believe them merely because they are so employed. You should recall their demeanor on the witness stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed as prison officials and corrections officers do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981; <u>Darbin v. Nourse</u>, 664 F.2d 1109 (9th Cir. 1981)

**JURY INSTRUCTION NO. 8**

**Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u> 72.14 (4th Ed.).

## JURY INSTRUCTION NO. 9

**14th Amendment - Prison Conditions**

The second element of Ms. Guynup's claim is that the individual defendants deprived her of federal constitutional rights.

In this case, the first constitutional right at issue is a pre-trial detainee's right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from a serious risk of harm to health and safety. Ms. Guynup alleges that the individual defendants deprived her of this right by exposing her to a serious risk of harm to her health and safety while she was incarcerated as a pretrial detainee at Lancaster County Prison. The conduct of defendants which Ms. Guynup alleges violated her rights includes excessive confinement in a closed-front cell on D-block, despite her mental illness; denial of adequate psychiatric care; confinement in a low-temperature cell without blankets and with an open window, denial of access to cell cleaning supplies, denial of access to clean clothing and linens, and confinement in a cell where was a "stench" in the water supply.

On this claim, Ms. Guynup has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the defendants acted with deliberate indifference; and

2.  the conduct of the defendants caused harm to the plaintiff.

To establish deliberate indifference, the plaintiff must prove that the defendant knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it.

If you find that plaintiff has proven each of the elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the individual defendants.

Third Circuit Model Jury Instructions- Civil (West 2006), Instruction No. 4.5; Farmer v. Brennan, 511 U.S. 825, 834 (1994);Swofford v. Mandrell, 969 F.2d 547, 550 (7th Cir. 1992); Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991)

**JURY INSTRUCTION NO. 10**

**14TH AMENDMENT - Excessive Force**

In this case, Ms. Guynup also claims that Sergeant Steberger violated her rights under the Fourteenth Amendment of the Constitution of the United States to be free from the use of excessive force against her while being detained as a pretrial detainee.

You are instructed that the due process of law clause of the Fourteenth Amendment does entitle anyone who is detained under state law not to be subjected to excessive force while being detained. This includes, of course, the right not to be electrocuted by a electronic control device without legal justification.

On this claim, Ms. Guynup has the burden of proving each of the following elements by a preponderance of the evidence:

1.   defendant's used an E.B.I.D on plaintiff;

2.   the use of such force was excessive because it was not reasonably necessary to maintain discipline, and

3.   as a direct result, plaintiff was damaged.

In determining whether the force was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and

whether it was used for punishment or instead to achieve a legitimate purpose such as maintaining order or security within the Lancaster County Prison and whether a reasonable officer on the scene would have used such force under similar circumstances.

If you find that plaintiff has proven each of the elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the individual defendants.

Gonzalez-Cifuentes v. U.S. Department of Homeland Security, 2005 U.S. Dist. LEXIS 33072

## JURY INSTRUCTION NO. 11

## 14TH AMENDMENT – Adequate Medical Care

The next constitutional right at issue is a pre-trial detainee's right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to receive adequate medical care while incarcerated.  Ms. Guynup alleges that while she was incarcerated at Lancaster County Prison she had a serious medical need which the individual defendants were deliberately indifferent to.

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them.  In this case, Ms. Guynup claims that defendants Sumesco, McWilliams and Moyer violated the Fourteenth Amendment to the United States Constitution by showing deliberate indifference to a serious medical need on Ms. Guynup's part. Specifically, she claims that during her incarceration at Lancaster County prison she was denied to access to medical care for her mental illness and denied access to medications necessary to treat her illnesses.

In order to establish her claim for violation of the Fourteenth Amendment, Ms. Guynup must prove each of the following three things by a preponderance of the evidence:

1.  She had a serious medical need.

2. Defendants were deliberately indifferent to that serious medical need.

3. Defendants' deliberate indifference caused harm to Ms. Guynup.

I will now proceed to give you more details on the first and second of these three requirements.

First, Ms. Guynup must show that she had a serious medical need.  A medical need is serious, for example, when:

- A doctor has decided that the condition needs treatment; or

- The problem is so obvious that non-doctors would easily recognize the need for medical attention; or

- Denying or delaying medical care creates a risk of permanent physical injury; or

- Denying or delaying medical care causes needless pain.

Second, she must show that defendants were deliberately indifferent to that serious medical need.  Ms. Guynup must show that defendants knew of an excessive risk to her health, and that defendants disregarded that risk by failing to take reasonable measures to address it.

Ms. Guynup must show that defendants actually knew of the risk.  If she proves that there was a risk of serious harm to her and that the risk was obvious, you are entitled to infer from the obviousness of the risk that defendants knew of the risk.

There are a number of ways in which a plaintiff can show that a defendant was deliberately indifferent, including the following.   Deliberate indifference occurs when:

- A prison official denies a reasonable request for medical treatment, and the official knows that the denial exposes the inmate to a substantial risk of pain or permanent injury;

- A prison official knows that an inmate needs medical treatment, and intentionally refuses to provide that treatment;

- A prison official knows that an inmate needs medical treatment, and delays the medical treatment for non-medical reasons;

- A prison official knows that an inmate needs medical treatment, and imposes arbitrary and burdensome procedures that result in delay or denial of the treatment;

- A prison official knows that an inmate needs medical treatment, and refuses to provide that treatment unless the inmate is willing and able to pay for it;

- A prison official knows that an inmate see a doctor capable of evaluating the need for treatment of an inmate's serious medical need; and

- A prison official persists in a particular course of treatment even though official knows that the treatment is causing pain and creating risk of permanent injury.

In this case, Ms. Guynup was under medical supervision by the prison psychiatrist. Thus, to show that defendants, non-medical officials, were

deliberately indifferent, she must show that they knew or that there was reason to believe that the medical staff was not treating Ms. Guynup.

Third Circuit Model Jury Instructions – Civil (West 2006), Instruction No. 4.11.1

## JURY INSTRUCTION NO. 12

## 1ST AMENDMENT – Retaliation

The final constitutional right at issue is an inmate's right under the First Amendment to the United States Constitution. The First Amendment gives to prisoners the right to petition the government for a redress of complaints or grievances.  In this case, Ms. Guynup claims that she was retaliated against for filing grievances concerning the conduct of correctional officers at Lancaster County Prison and for filing complaints concerning the delay in medical care she was receiving for her mental illness, and the conditions of her confinement.

A prison official who retaliates against an inmate for exercising her constitutional rights is subject to liability under 1983. A prisoner alleging retaliation must prove that:

(1) the conduct in which he engaged was constitutionally protected,

(2) she suffered 'adverse action' at the hands of prison officials, and

(3) her constitutionally protected conduct was a substantial or motivating factor in the decision to discipline her.  If the prisoner makes that showing, the burden shifts to the defendant to prove by a preponderance of the evidence that it would have made the same decision absent the protected conduct for reasons reasonably related to penological interests.

I instruct you that Ms. Guynup has met the first two elements of this claim. The only element you are to consider is whether Ms. Guynup has proven by a preponderance of the evidence that the filing of grievances was a reason for the decisions to discipline her. The third element of a retaliation claim requires the plaintiff to show that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. This **[*12]** "motivating" factor may be established by alleging a chronology of events from which retaliation plausibly may be inferred.

Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002). Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996) ; Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996); Pride v. Peters, 72 F.3d 132 (Table), 1995 WL 746190 (7th Cir. 1995)

## JURY NSTRUCTION NO. 13

**Americans with Disabilities Act**

Ms. Guynup has also brought a claim against defendant, Lancaster County under the Americans with Disabilities Act (ADA). The ADA is a federal law passed by Congress in 1990 that recognizes the isolation, segregation, restrictions, limitations and unequal treatment faced by individuals with disabilities. Its goal is to promote "equality of opportunity, full participation, independent living, and economic self-sufficiency" for people with disabilities. It seeks to eliminate discrimination. Under the ADA, prisons, such as defendant Lancaster County Prison, may not deprive a prisoner with a disability access to services or equal treatment under this law.

In order to succeed on their ADA claim, the Plaintiff must prove the following elements by a preponderance of the evidence as that term is defined in these instructions:

1. Traci Guynup is an individual with a disability;

2. Lancaster County is a "public entity", subject to the requirements of the ADA;

3. Ms. Guynup was discriminated against because of her disability.


42 U.S.C. §§ 12101(a)(b), 12132. See also 28 C.F.R. §§ 35.130(b)(7); 35.150(d).

## JURY INSTRUCTION NO. 14

**ADA - Disability**

The term "disability" means, with respect to an individual, one who:

1.   has a physical or mental impairment that substantially limits one or

more of the major life activities of that person, or

2.   has a record of such impairment, or

3.   is regarded as having such impairment.

In this case, I instruct you as a matter of law that Traci Guynup has a

disability and that you are not to address this element of the ADA claim.

Federal Employment Jury Instructions § 4:160

## JURY INSTRUCTION NO. 15

**ADA – Public Entity**

"Public entity" means —

(a) any State or local government; and

(b) any department, agency, special purpose district, or other

instrumentality of a State or States or local government.

In this case, I instruct you as a matter of law that Lancaster County is a public entity and that you are not to address this element of the ADA claim.

42 U.S.C. § 12131

## JURY INSTRUCTION NO. 16

**ADA - Discrimination**

Under the ADA, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  I instruct you as a matter of law that Defendant Lancaster County is an entity covered by the ADA, and that the prison is a service, program or activity that must comply with the ADA.  You may find for Ms. Guynup if the Lancaster County failed to ensure that:

1.  she had access to psychiatric services;

2.  she was discipline only after considering her mental illness;

3.  prison staff were trained to accommodate her disability;

4.  she was not discriminated against by prison staff based upon her mental disability.

42. U.S.C. § 12132

## JURY INSTRUCTION NO. 17

**ASSAULT**

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

To commit an assault, it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another.  It is enough that the person intends to cause only a fear of such contact.

In order for the defendant to be held responsible for the commission of an assault against the plaintiff, you must find:

1.   that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with [his][her] body; and

2.   that the plaintiff, as a result of the defendant's act, was put in reasonable and immediate fear of such contact.

Pa SSJI Civ. 13.01

## JURY INSTRUCTION NO. 18

**BATTERY**

Ms. Guynup has also brought a claim against Sergeant Steberger for battery.

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another [or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body] and that directly [or indirectly] results in the harmful or offensive contact with the body of another.

In order for the defendant to be held responsible for committing a battery against the plaintiff, you must find:

(1) that the defendant intended to cause a harmful or offensive contact with the body of the plaintiff or that the defendant intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with [his][her] body; and

(2) that the defendant's act directly [or indirectly] resulted in a harmful or offensive contact with the plaintiff's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

Pa SSJI Civ. 13.02