IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| v. | : | |
| LANCASTER COUNTY PRISON, et al. | : | NO. 06-cv-4315 |

## CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendants and judgment was entered in favor of defendants, who filed their bill of costs on May 19, 2009.

On May 20, 2009, the Clerk requested Stephen S. Pennington, Esquire, and Jamie C. Ray, Esquire, counsel for plaintiff, to file objections to the bill of costs, if they had any, within fourteen days. Plaintiff filed objections to the bill of costs on June 3, 2009.

On June 4, 2009, the Clerk requested Christine E. Munion, Esquire, counsel for defendants, to file a response to the objections to the bill of costs, if she had any, within fourteen days. Defendants responded to plaintiff's objections on June 17, 2009.

It is well-established that district court costs[1] may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court.[2] The federal taxation of costs statute, 28 U.S.C. §1920, lists those items of taxable district court costs,[3] and Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of taxations of costs established by 28 U.S.C. §1920, thereby giving the Clerk authority to tax these types of district court costs[4] in favor of the prevailing party or parties (and against the non-prevailing party or parties). Those items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(1) Fees of the clerk or marshal;
"(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
"(3) Fees and disbursements for printing and witnesses;
"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
"(5) Docket fees under (28 U.S.C. §1923); (and,)
"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)."

It is well-established that the Clerk may only tax as district court costs those items of cost ***specifically*** listed in the taxation statute, 28 U.S.C. §1920.[5] Normally, the Clerk will tailor his taxation of costs opinion around the items requested and the actual objections raised by the losing party or their counsel, and will not raise issues *sua sponte*; however, as stated previously, since the Clerk's power is strictly limited by 28 U.S.C. §1920, a necessary corollary is that if a requested item is never authorized by 28 U.S.C. §1920 under any possible circumstances, the Clerk may not tax that item as a 28 U.S.C. §1920 cost, even where the losing party has not raised any objections to the item or items in question.[6] We accordingly disallow the request for $1,137.27 representing a teleconference fee, as this is not, even arguably, among those types of costs listed in 28 U.S.C. §1920. For the same reason, we must disallow the request for $75.00 for renting a conference room, as this is not, even arguably, among those types of costs listed in 28 U.S.C. §1920. We further note that there is no possible way to interpret 28 U.S.C. §1920 as allowing for a taxing of costs in order to reimburse a witness (or anyone), for "lost wages;" we accordingly disallow the request for $927.00, allegedly representing the lost wages of Michael Ennis.

Moreover, as they are not specifically listed in 28 U.S.C. §1920, attorney fees are clearly not taxable by the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1).[7] In addition, those litigation costs which are more closely associated with the routine overhead of running a law firm than with the types of costs listed in 28 U.S.C. §1920 are not taxable by the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1), as they are seen as "facets" of attorney fees.[8] "Facets" of attorney fees include, among other items, the costs of courier and messenger services, which are seen as more closely associated with the routine overhead of running a law firm than with those types of costs taxable pursuant to 28 U.S.C. §1920, and which are therefore prohibited in a Clerk's Taxation of Costs;[9] we accordingly disallow the requests contained in section IV of defendants bill of costs for $10.45; $10,45; $19.90 and $40.00.

The remaining costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, and are therefore, at least arguably, taxable by the Clerk of this Court.[10] Federal Rule of Civil Procedure 54(d)(1) directs that

"costs -other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "***should*** be allowed to the prevailing party (emphasis added)." This language creates a heavy presumption that **"the 'prevailing party' automatically is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[11] This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties.[12] A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party.[13] Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920.[14] As a further result of this heavy presumption, in the event taxable costs are denied to a prevailing party, the Clerk must specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs.[15] Since the remaining costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter.

To meet her burden of proof, plaintiff raises two general objections to the bill of costs in its entirety, the first being that the Clerk allegedly has broad discretion to disallow costs and should exercise this alleged discretion because she is allegedly financially unable to pay. As stated previously, there is a heavy presumption that **"the 'prevailing party' automatically is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[16] We are therefore of the view that the Clerk has no discretion to disallow otherwise allowable costs based on an argument rooted in economics; economic disparity between the parties is not a basis for disallowing costs, and a very strong presumption exists that consideration of the equities does not favor a disallowance of costs by the court.[17] The Clerk may tax costs not only where the losing party is less affluent than the prevailing party, but also where the losing party is actually indigent.[18] Even complete and utter inability to pay is not grounds

for a disallowance of costs.[19] Likewise, even the granting of in forma pauperis status to the losing party does not rebut this strong presumption.[20] We accordingly disallow this first general objection to the bill of costs in its entirety.

Plaintiff raises as a second general objection to the bill of costs in its entirety that the costs sought are allegedly not sufficiently explained. Provided that the bill of costs is neat and legible, there is no requirement for receipts; rather, caselaw holds that the key criterion is that costs must be sufficiently itemized to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable.[21] This standard is more than satisfied in the instant case, where defendants' bill of costs filing on May 19, 2009 consisted of 83 detailed pages. Moreover, the bill of costs in the instant case is accompanied by an affidavit from counsel for defendants stating under penalty of perjury that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight with respect to the aforesaid burden of proof in favor of the taxation of those types of costs listed in the taxation statute.[22] We accordingly disallow this second general objection to the bill of costs in its entirety.

Turning now to the substance of the bill of costs, we will first address the request for the costs of deposition transcripts. We note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts "necessarily obtained for use in the case." (Modern caselaw states that both stenographic and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2)).[23] A Clerk's Taxation of Costs proceeding is not a forum for re-examining the underlying facts of the lawsuit or for re-litigating the underlying civil action;[24] therefore, as stated previously, there is a heavy presumption that **"the 'prevailing party' automatically is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[25] Because of this heavy presumption, there is a recurring theme in caselaw concerning taxation of costs that the prevailing parties may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for their counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of

whether the items for which costs are sought were actually used;[26] moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel for defendants, filed pursuant to 28 U.S.C. §1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether requested costs are allowable.[27] We are of the view that plaintiff has not rebutted the aforesaid heavy presumption. Since shipping costs were charged by the court reporter as part of its service, we are of the view that they may be taxed here. These deposition transcript costs sought in Section I of the bill of costs are accordingly taxed in favor of defendants and against defendants in the amount of $4,665.72 ($711.20 plus $839.65 plus $737.15 plus $416.62 plus $485.00 plus $157.50 plus $756.35 plus $157.50 plus $404.75 equals $4,665.72).

We turn now to the request for expert witness fees. 28 U.S.C. §1920(3) authorizes the Clerk to tax witness fees. Witness fees are capped by the witness fee statute, 28 U.S.C. §1821; 28 U.S.C. §1821(b) limits witness attendance fees to $40.00 per day. On three separate occasions, the United States Supreme Court has held that the witness fee statute (28 U.S.C. §1821 or its direct predecessor statute) is incorporated by reference into 28 U.S.C. §1920(3) (or its direct predecessor statute).[28]

We note that no witness fees are taxable for witnesses who are parties to the litigation;[29] therefore, both the request for Dr. Stephen Mory's expert witness fees and the request for Michael Ennis's witness travel costs must be disallowed.

We note once more that pursuant to 28 U.S.C. §1821(b), attendance costs for witnesses are not allowable in excess of $40.00 per day of attendance. This limit applies to both fact and expert witnesses, except where the expert witness in question was court-appointed pursuant to 28 U.S.C. §1920(6).[30] Whereas nothing presented to the Clerk indicates that the remaining expert witness for whom costs are sought, Timothy J. Michals, MD, was court appointed, the request for his expert witness attendance fees will be reduced to $40.00 for his one day of attendance. (If the costs requested for Dr. Mory's were not disallowed because he was a party, this same standard for expert witness fees would apply

to him (as well as to Dr. Michals)).

We further note that costs related to an expert's preparation or to the creation of an expert report are not among those items listed in 28 U.S.C. §1920, and are therefore a prohibited item.[31] Likewise, whereas 28 U.S.C. §1920 cannot possibly be read as authorizing the taxing of costs for "Independent Medical Examination Fees," the request for costs of Dr. Michals' medical examination in the amount of $950.00 must be disallowed.

Courts have traditionally seen costs related to the production of copies of documentary evidence as recoverable costs under 28 U.S.C. §1920(4) when the copies in question were "necessarily obtained for use in the case."[32] Based on this rule, the Clerk is of the view that such documentary evidence consists of items such as police reports, weather reports, medical records, personnel records, business records, land records, newspapers, and tax records; likewise, costs for copies of demonstrative evidence, such as photos, maps, blow-ups, charts, diagrams and the like, are seen as allowable under 28 U.S.C. §1920(4) as exemplification when these items were "necessarily obtained for use in the case."[33] A Clerk's Taxation of Costs proceeding is not a forum for re-examining the underlying facts of the lawsuit or for re-litigating the underlying civil action;[34] therefore, as stated previously, there is a heavy presumption that **"the 'prevailing party' automatically is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[35] Because of this heavy presumption, there is a recurring theme in caselaw concerning taxation of costs that the prevailing parties may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for their counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used;[36] moreover, the bill of costs in the instant matter is accompanied by an affidavit from counsel for defendants, filed pursuant to 28 U.S.C. §1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable.[37] We are of the view that plaintiff has not rebutted the aforesaid heavy presumption. The costs sought in Section

III of defendants' bill of costs are accordingly taxed in favor of defendants and against plaintiff in the full requested amount of $3,750.12. In addition, the costs sought in Section V of defendants' bill of costs are taxed in favor of defendants and against plaintiff in the full requested amount of $567.54.

In summary, district court costs pursuant to 28 U.S.C. §1920 are taxed as follows:

| | |
|---|---|
| Deposition costs: | $4,665.72 |
| Michals expert witness fee: | 40.00 |
| Copying costs: | 3,750.12 |
| Copying costs: | 567.54 |
| TOTAL: | $9,023.38 |

July 2, 2009
Date

MICHAEL E. KUNZ
CLERK OF COURT

1. Under circumstances not relevant here, the clerk of the district court may also tax certain specific, narrowly defined *appellate* court costs at the express direction of the clerk of the appellate court, pursuant to the express language of Federal Rule of Appellate Procedure 39.

Moreover, this taxation opinion shall not address the issue of those types of costs which are taxable pursuant to Federal Rule of Civil Procedure 68. Rule 68 deals with certain narrowly defined and rare factual situations where certain costs are taxable only by the presiding judge, and not by the Clerk. Rule 68 is plainly, on its face, not applicable to the instant situation.

2. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

3. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).

4. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

5. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Farmer v. Arabian American Oil Co., 379 U.S. 227 (1964); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Perry v. Metro Suburban Bus Authority; 236 FRD 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); and, In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

6. Northbrook Excess and Surplus Insurance Co. v. Procter & Gamble Co., 924 F.2d 633 (7th Cir. 1991).

7. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Management, 491 F.3d 266 (5th Cir. 2007); Perry v. Metro Suburban Bus Authority; 236 FRD 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); US v. Bedford Associates, 548 F.Supp. 748 (SDNY 1982).

8. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); J/H Real Estate, Inc. v. Abramson, 951 F.Supp. 63 (E.D. Pa. 1996). Accord, Harkins v. Riverboat Services, 286 F. Supp. 2d 976 (ND Ill. 2003), aff'd, 385 F.3d 1099 (7th Cir. 2004); Antolik v. Saks, Inc., 407 F.Supp. 2d 1064 (SD Iowa 2006); Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

9. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); J/H Real Estate, Inc. v. Abramson, 951 F.Supp. 63 (E.D. Pa. 1996). See, also, Avirgan v. Hull, 705 F.Supp. 1544 (SD Fla 1989), aff'd, 932 F.2d 1572 (11th Cir. 1991); Doe v. Rumsfeld, 501 F.Supp. 2d 186 (DDC 2007); Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); Corsair Asset Management, Inc. v. Moskovitz, 142 FRD 347 (ND Ga 1992); Litton Systems, Inc. v. American Telephone & Telegraph Co., 613 F.Supp. 824, 836 (S.D.N.Y. 1985); Beech Cinema, Inc. v. Twentieth Century Fox Film Corp., 480 F.Supp. 1195, 1198 (S.D.N.Y. 1979), aff'd, 622 F.2d 1106 (2d Cir. 1980).

10. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

11. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

12. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).

13. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).

14. Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975).

15. Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). Accord, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).

16. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel

v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

17. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977). Accord, Matthew v. Crosby, 480 F.3d 1265 (11th Cir. 2007); Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991); Perry v. Metro Suburban Bus Authority, 236 FRD 110 (EDNY 2006).

18. Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977).

19. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (ED Pa. 1998).

20. Washington v. Patlis, 916 F.2d 1036 (5th Cir. 1990); Chevrette v. Marks, 558 F.Supp. 1133 (M.D. Pa. 1983).

21. Harkins v. Riverboat Services, 286 F.Supp. 2d 976 (ND Ill. 2003), aff'd, 385 F.3d 1099 (7th Cir. 2004); Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Harceg v. Brown, 536 F.Supp. 125 (N.D. Ill. 1982). Accord, Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997); Seidman v. American Mobile Systems, 965 F.Supp. 612 (E.D. Pa. 1997).

22. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957); Lachance v. Harrington, 965 F.Supp. 630 (E.D. Pa. 1997). See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

23. BDT Products, Inc. v. Lexmark International, Inc., 405 F.3d 415 (6th Cir. 2005); Tilton v. Capital Cities/ABC Inc., 115 F.3d 1471 (10th Cir. 1997); Morrison v. Reichhold Chems., 97 F.3d 460 (11th Cir. 1996); Commercial Credit Equipment Corp. v. Stamps, 920 F.2d 1361 (7th Cir. 1990); Rio Props v. Stewart Annoyances, Ltd., 420 F.Supp. 2d 1127 (D. Nevada 2006); United International Holdings v. Wharf, Ltd., 174 F.R.D. 479 (D. Colo. 1997); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kansas 1993); Deaton v. Dreis & Krump Mfg. Co. (ND Ohio 1991).

24. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988). Accord, Samaad v. City of Dallas, 922 F.2d 216 (5th Cir. 1991).

25. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995);

Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

26. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). Accord, Charter Medical Corp v. Cardin, 127 FRD 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

27. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957). Accord, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).

28. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Farmer v. Arabian American Oil Co., 379 U.S. 227 (1964); Henkel v. Chicago, St. Paul, Minneapolis and Omaha Railroad Company, 284 U.S. 444 (1932).

29. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). See, also, Bee v. Greaves, 910 F.2d 686 (10th Cir. 1990); Heverly v. Lewis, 99 F.R.D. 135, 136 (D.Nev. 1983).

30. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); In re Philadelphia Mortgage Trust, 930 F.2d 306 (3rd Cir. 1990); West Virginia University Hospitals v. Casey, 885 F.2d 11 (3rd Cir. 1989); Friedman v. Ganassi, 853 F.2d 207 (3rd Cir. 1988); Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83 (3rd Cir. 1988); Dominic v. Hess Oil V.I. Corp., 841 F.2d 513 (3rd Cir. 1988).

31. Sierra Club v. EPA, 769 F.2d 796 (DC Cir. 1985); Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994); Marquez v. American Export Lines, 41 FRD 386 (SDNY 1967).

32. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Haagen Dazs v. Double Rainbow Gourmet Ice Cream, 920 F.2d 587 (9th Cir. 1990); Shared Medical System v. Ashford Presbyterian Community Hospital, 212 FRD 50 (D.P.R. 2002); Robinson v. Burlington Northern Railroad Co., 963 F.Supp. 691 (N.D. Ill.

1997); Postednik v. Sullivan, 718 F.Supp. 1097 (S.D.N.Y. 1989); Grider v. Kentucky & ITR Co., 101 F.R.D. (W.D. Ky. 1984).

33. In re: Kulicke and Soffa Industries Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990); aff'd, 944 F.2d 897 (3rd Cir. 1991). Accord, Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991), aff'd, 989 F.2d 251 (7th Cir. 1993); Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767 (9th Cir. 1988); Nissho-Iwai Co. v. Occidental Crude Sales, Ltd., 729 F.2d 1530 (5th Cir. 1984); DiBella v. Hopkins, 407 F.Supp. 2d 537 (SDNY 2005); Jensen v. Lawler, 338 F.Supp. 2d 739 (SD Texas 2004); Phillips v. Cameron Tool Corp., 131 F.R.D. 151 (SD Ind. 1990).

34. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988). Accord, Samaad v. City of Dallas, 922 F.2d 216 (5th Cir. 1991).

35. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

36. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). Accord, Charter Medical Corp v. Cardin, 127 FRD 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

37. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957). Accord, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).