**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACI GUYNUP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-4315 |
| LANCASTER COUNTY, et al. | : | |

**MEMORANDUM**

**Baylson, J.** **September 24, 2009**

The Court has considered Plaintiff's Appeal (Doc. No. 128) from the Clerk's decision taxing costs in favor of Defendants following a jury verdict for Defendants. Although the Court finds that the Clerk's Taxation of Costs is correct and authorized by law, Plaintiff asserts that her indigence should preclude taxation of costs. Plaintiff also disputes the priority of the taxation of specific items, principally deposition and subpoena costs.

## I. Legal Analysis

Federal Rule of Civil Procedure 54(d)(1) states that costs other than attorney's fees "should be allowed to the prevailing party." This Rule is limited by 28 U.S.C. § 1920, which enumerates those costs that are properly taxable. See Morgan-Mapp v. George W. Hill Corr. Facility, 2009 WL 1035141, at *2 (E.D.Pa. Apr. 16, 2009) (Schiller, J.) (citing In re Paoli Railroad Yard PCB Litig., 221 F.3d 449, 457 (3d Cir. 2000)). A district court reviews de novo the Clerk's cost-determination. In re Paoli, 221 F.3d at 461. Although a district court has discretion to award or deny costs, Rule 54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." Id. at 458, 462. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. at 462-63. If a

district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so. Id. at 468.

Judge Pratter has recently thoroughly discussed the standards in Wesley v. Dombrowski, 2008 WL 2609720 (E.D.Pa. June 26, 2008), in which she exercised her discretion by reducing the costs taxed against a losing plaintiff, an indigent prisoner who brought civil rights claims in forma pauperis. The facts in Wesley were as follows: the plaintiff ("Wesley"), a prisoner at the State Correctional Institute ("SCI") at Graterford, filed a 42 U.S.C. § 1983 lawsuit in forma pauperis against various corrections officers, alleging use of excessive force. The court granted summary judgment to the defendants. The defendants subsequently filed a Bill of Costs seeking to tax costs against Wesley in the amount of $785.75 for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." Id. at *1. Over Wesley's objections, the Clerk taxed costs and entered judgment against Wesley in the requested amount.

Wesley then filed a motion asking the court to review the Clerk's entry of judgment of costs and to vacate it in its entirety. In support of his motion, Wesley argued, inter alia, that he was indigent and thus unable to pay the taxed costs. Ultimately, Judge Pratter chose to reduce the cost amount taxed against Wesley, stating:

> While the Court is permitted to consider Mr. Wesley's indigence as a factor in determining is ability to pay costs, Mr. Wesley has presented no evidence of his indigence other than his own statement to that effect. . . . However, common sense dictates that, based on a review of the monthly balances of Mr. Wesley's inmate trust account, taxing Mr. Wesley with the full amount of costs of $767.50 would be inequitable. . . . [T]he Court finds that Mr. Wesley has a limited ability to pay some costs, and that as a matter of equity, Mr. Wesley shall pay costs in the amount of $500.00. This sum comprises roughly two-thirds of the total costs sought by the Defendants . . . . Mr. Wesley has the ability to pay this amount

by modest installment payments.

Id. at *4-5 (emphasis added) (citing Shetterly v. Sony Electronics, Inc., 2007 WL 3120285 (W.D.Pa. Oct. 23, 2007)).

In addition to reducing costs awards, courts may also eliminate costs awards based on a losing plaintiff's indigence in the civil rights context. Indeed, in Lindsey v. Vaughn, 2001 WL 1132409 (E.D.Pa. Sept. 24, 2001) (O'Neill, Jr., J.), the plaintiffs, prisoners at SCI Graterford – and members of the Nation of Islam – filed a claim in forma pauperis against prison officials under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. The prisoners challenged the prison's ban of female visitors to Nation of Islam services. Judgment in the case went for the defendants, and one plaintiff's appeal was dismissed for failure to timely prosecute. Subsequently, after the defendants filed a bill of costs for $2,173.06, the Clerk taxed costs in the amount of $1,883.06. The plaintiffs moved to set the award aside in its entirety or, in the alternative, to have the costs reduced. The court noted that "[t]he circumstances under which an award is upheld or reduced is left to the discretion of the district court." Id. at *2 (citing Greene v. Fraternal Order of Police, 183 F.R.D. 445, 448 (E.D.Pa.1998)).

Ultimately, Judge O'Neill held that after "[reviewing] plaintiffs' submissions and in light of the relative disparity in wealth between the parties, the indigence of plaintiffs and the equities of the matter before me[,] I find that to force plaintiffs to pay the cost award assessed by the Clerk would be unduly burdensome. Therefore plaintiffs motion to set aside the Clerk of Court's taxation of costs in its entirety will be granted." Id. (emphasis added).

In this case, the Plaintiff's civil rights claim, although rejected by the jury, was based on her sincere beliefs concerning her alleged mistreatment in prison. She had competent counsel

represent her at trial. The jury's rejection of her claim warrants the taxation of some costs, but the Court will exercise its discretion, given the Plaintiff's indigence and the fact that this was a bona fide, albeit rejected, civil rights case, and the individual Defendants will not personally bear any expense. It is likely that the Defendant's insurance has already paid the costs.

In considering all of these facts, the Court will reduce the Clerk's Taxation of Costs by fifty percent (50%). Plaintiff may be unable to pay this amount, now or in the future. Some consequence should follow for filing but losing a case, even a civil rights case. If Plaintiff comes into any sum of money in the future, by inheritance or otherwise, this judgment may be collectible. Thus, a judgment outstanding against the Plaintiff is not inappropriate under all of the circumstances.

An appropriate Order follows.

O:\CIVIL\06-4315 Guynup v. Lancaster County Prison\Guynup v. Lancaster Co -Memo taxation costs.wpd